UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DAPHNE NAGGYI, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 22-7111 |
| v. | : | |
| EMR USA HOLDING, INC., | : | OPINION |
| Defendants. | : | |

This matter is before the Court on Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Having considered the parties' submissions, the Court decides this matter without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons stated below, Defendant's motion will be denied.

Background

According to the Complaint, Plaintiff Daphne Naggayi is a Ugandan woman working in the United States on a work visa. During the operative time, she worked as market or financial analyst for Defendant EMR USA Holding, Inc. Shortly after her hiring, on September 29, 2021, she claims she had a meeting with Defendant's General Manager, Tao Bai, who is an Asian man. During the meeting, Bai showed Plaintiff a drawer containing identifications cards ("IDs") and told Naggayi that they belonged to previous employees of the company. Plaintiff asked her colleagues whether Bai had shown them the IDs as well and was informed that he had not done so.

Plaintiff claims Bai singled her out in other ways, including giving her impromptu "quizzes" on the market model or general stock concepts, for purportedly "not working quickly enough," and would erroneously reprimand her for not working on a specific assignment. When Plaintiff would answer Bai's questions, her would tell her to "answer

1

with more conviction[.]" She also alleges that she became aware of certain offensive statements made by Bai, including that Bai had told a Mexican colleague that "Mexicans are only good for drugs and tequila", and an African American colleague that "Black people are lazy." [Complaint, ¶ 19.]

In December of 2021, Naggayi took the step of explaining to Bai that she felt she was being discriminated against. Bai became upset and told Plaintiff she was being disrespectful to him in a lot of ways. Soon after, Bai began questioning other employees about Plaintiff's work productivity. Plaintiff sent an email to Bai detailing her work and then formally complained Defendant's COO, Steve Deacon about discriminatory treatment. Plaintiff alleges Deacon attributed the selective treatment to "cultural differences." After this complaint, Plaintiff was no longer invited to analyst meetings. She was also separated from the other analysts who had been moved to new office. Bai told her "not to think of it as a demotion" and directed her to cease working on an assigned project. [*Id.* at ¶ 28.]

After this series of events, Deacon told Plaintiff, on several occasions, she was acting more "reserved." Plaintiff always responded that's she was there to perform her job. [Exh. A at ¶ 30.] Then, on May 20, 2022, Deacon told Plaintiff her employment was being terminated due to her "not fitting in" to Defendant's work culture. The Complaint in this matter has two counts, alleging violations of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a),and the § 2000e-2(a)) and New Jersey Law Against Discrimination N.J.S.A. 10:5-12, respectively.

Through the instant motion, Defendant seeks dismissal of Plaintiff's claims because she does not allege that Bai knew she was Ugandan or discriminated against her based on her National Origin. In addition, the Complaint does not identify the race or

2

national origin of the employees who were treated more favorably and because Plaintiff's complaints about discrimination occurred five months before her termination.

## Standard on Motion To Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2). While a court must accept as true all allegations in the plaintiff's complaint and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Discussion

Plaintiff's Complaint alleges the following facts with respect to discrimination: Plaintiff is an African woman of Ugandan descent, that she was singled out, that she learned (but doesn't allege she heard) that her Supervisor Mr. Bai made derogatory statements about race and national origin, that she complained about discrimination and that she was terminated.

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to discharge any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Claims under Title VII are governed by the burden-shifting principles set forth by the Supreme Court:

> First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 252-53 (1981) (citations omitted)(quoting *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973).[1]

To maintain a claim for retaliation § 1981, Plaintiff must establish a prima facie case by tendering evidence that "(1) he engaged in protected activity, (2) his employer took an adverse employment action against him, and (3) there was a causal connection between his participation in the protected activity and the adverse employment action." *Estate of Oliva v. N.J., Dep't of Law & Pub. Safety, Div. of State Police,* 604 F.3d 788, 798 (3d Cir. 2010).

However, a plaintiff in an employment discrimination case does not have to plead facts in his complaint establishing a prima facie case. The Supreme Court held that "an employment discrimination plaintiff does not need to plead a prima facie case of discrimination . . . ," in part because the *McDonnell Douglas* standard is an evidentiary standard, not a pleading standard. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 510, 515

---

[1] Courts analyze Title VII and NJLAD claims the same way. *See Schurr v. Resorts Int'l Hotel, Inc.*, 196 F.3d 486, 498 (3d Cir. 1999) ("Analysis of a claim made pursuant to the NJLAD generally follows analysis of a Title VII claim.").

4


(2002). Therefore, a plaintiff claiming employment discrimination need only plead facts sufficient to meet the standard of Fed. R. Civ. P. 8(a). *Thomas v. Independence Twp.,* 463 F.3d 285, 295 (3d Cir. 2006) ("The marching orders of the Supreme Court in . . . *Swierkiewicz* are clear: the notice pleading standard of Rule 8(a) applies in all civil actions, unless otherwise specified in the Federal Rules or statutory law."). While the Supreme Court's holding in *Twombly* altered the notice pleading standard, the Court stated that it's holding there did not run counter to *Swierkiewicz.* 550 U.S. at 569-70. In *Swierkiewicz,* the Court found that employment discrimination plaintiffs were not required to meet a heightened fact pleading of specifics, "but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Thus, Plaintiff does not have to meet the *McDonnell Douglas* and retaliation standards for a prima facie case of discrimination but does have to meet *Twombly's* requirement that the facts alleged must raise the right to relief above a speculative level. The elements of the prima facie claim do not have to be proven, but merely must be plausible. Plaintiff has not alleged sufficient facts to plausibly support the conclusion that Defendant treated her less favorably than others because of her race or retaliated against her by terminating her for her complaints.

As to her discrimination claims, Plaintiff has not alleged that Bai or Deacon, or anyone who worked for Defendant, knew that she was Ugandan. She has not alleged any facts to show that Deacon, who terminated her, bore any discriminatory animus towards her or had any relationship with Bai. The Complaint also lacks any fact to show that she was similarly situated to the "other" employees who were not subjected to the same scrutiny as Plaintiff and does not plead facts to plausibly show that her treatment was related to her race and/or national origin.

Plaintiff's retaliation claim is likewise insufficient. Plaintiff's termination came five months after her complaint and she alleges no facts supporting a nexus between her the two events. There are no facts indicating that Bai knew she complained, or that Deacon treated her differently between her complaints and her eventual termination. In short, the Complaint pleads that Plaintiff falls into two protected classes and was terminated five months after she complained about discrimination. Because it lacks foundational facts to bring that claim beyond the speculative level and therefore fails to meet *Twombly's* requirement, Defendant's motion will be granted and the Complaint will be dismissed without prejudice.

## Conclusion

For these reasons, Defendant's motion to dismiss will be granted without prejudice. Plaintiff will have fourteen days from the date of entry of this Opinion and Order to file an Amended Complaint to attempt to clarify the allegations as they relate to her claims of discrimination and retaliation. *Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 245-46 (3d Cir. 2008).

Dated: September 26, 2023

                                                  s/ Joseph H. Rodriguez
                                                  Hon. Joseph H. Rodriguez, U.S.D.J.