UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DAPHNE NAGGAYI, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 22-7111 |
| v. | : | |
| EMR USA HOLDING, INC., | : | OPINION |
| Defendants. | : | |

This matter is before the Court on Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Having considered the parties' submissions, the Court decides this matter without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons stated below, Defendant's motion will be denied.

Background

Plaintiff Daphne Naggayi, a Ugandan woman working in the United States on a work visa, filed her original complaint on December 7, 2022. Prior to her termination on May 20, 2022, she was working as market or financial analyst for Defendant EMR USA Holding, Inc. The original complaint alleged violations of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a),and the § 2000e-2(a)) and New Jersey Law Against Discrimination N.J.S.A. 10:5-12. Defendants moved to dismiss Plaintiff's claims because she failed to allege her supervisor knew she was Ugandan or discriminated against her based on her National Origin. In addition, dismissal was sought given the paucity of the facts related to whether other employees were treated more favorably and because Plaintiff's complaints about discrimination occurred five months before her termination.

The Court granted the motion to dismiss but permitted Plaintiff to amend her complaint. An Amended Complaint was filed on October 10, 2023 and the present motion to dismiss was filed on October 24, 2024.

Shortly after her hiring, on September 29, 2021, Plaintiff claims she had a meeting with Defendant's General Manager, Tao Bai, who is an Asian man. Plaintiff claims Bai singled her out in other ways, including giving her impromptu "quizzes" on the market model or general stock concepts, for purportedly "not working quickly enough," and would erroneously reprimand her for not working on a specific assignment. Am. Comp., ¶¶ 15-16, 19. When Plaintiff would answer Bai's questions, he would tell her to "answer with more conviction[.]" *Id.* at ¶ 21. She also alleges that she became aware of certain offensive statements made by Bai, including that Bai had told a Mexican colleague that "Mexicans are only good for drugs and tequila", and an African American colleague that "Black people are lazy." *Id.* at ¶ 23.

Plaintiff claims she was the only employee being singled out in this matter and that her white American and Asian American co-workers were not subjected to similar scrutiny. *Id.* at ¶ 17. Plaintiff also became aware that Mr. Bai had told a Mexican colleague that "Mexicans are only good for drugs and tequila" and told an African-American colleague that "Black people are lazy." *Id.* at ¶ 23. Mr. Bai was also hostile to Plaintiff and asked her "why can't you be more like the Americans…why can't you be more like them…why can't you talk like them?!" *Id.* at ¶ 24.

Plaintiff Naggayi complained to Mr. Bai about his discrimination in December 2021. This served only to upset Mr. Bai and he began questioning other employees about Plaintiff's work productivity. Plaintiff sent an email to Mr. Bai detailing her work and then formally complained Defendant's Chief Operating Officer, Steve Deacon about

2

discriminatory treatment. Plaintiff alleges Deacon attributed the selective treatment to "cultural differences." *Id.* at 32. After this complaint, Plaintiff was no longer invited to analyst meetings. She was also separated from the other analysts who had been moved to new office. Bai told her "not to think of it as a demotion" and directed her to cease working on an assigned project. *Id.* at ¶ 32.

After this series of events, Deacon told Plaintiff, on several occasions, she was acting more "reserved." *Id.* at 36. Then, on May 20, 2022, Deacon told Plaintiff her employment was being terminated due to her "not fitting in" to Defendant's work culture. *Id.* at 37. Plaintiff claims the termination was motivated by national origin animus and because she complained about Mr. Bai's discrimination.

Through the instant motion, Defendant seeks dismissal of Plaintiff's claims because the Amended Complaint fails to rectify the deficiencies identified by the Court and, as a result, fails to allege a plausible case of discrimination and retaliation. The Court disagrees.

Standard on Motion To Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2). While a court must accept as true all allegations in the plaintiff's complaint and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d

3

902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Discussion

Plaintiff's Amended Complaint alleges facts, that taken as true, set forth a claim of discrimination. The Amended Complaint sets forth disparate treatment of Plaintiff because of her National Origin, as evidenced by the alleged statements directed to her by supervisor regarding her inability to conform to American ways. *See* Am. Comp. at ¶ 24.

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to discharge any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Claims under Title VII are governed by the burden-shifting principles set forth by the Supreme Court:

> First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 252-53 (1981) (citations omitted)(quoting *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973).[1]

---

[1] Courts analyze Title VII and NJLAD claims the same way. *See Schurr v. Resorts Int'l Hotel, Inc.*, 196 F.3d 486, 498 (3d Cir. 1999) ("Analysis of a claim made pursuant to the NJLAD generally follows analysis of a Title VII claim.").

To maintain a claim for retaliation § 1981, Plaintiff must establish a prima facie case by tendering evidence that "(1) he engaged in protected activity, (2) his employer took an adverse employment action against him, and (3) there was a causal connection between his participation in the protected activity and the adverse employment action." *Estate of Oliva v. N.J., Dep't of Law & Pub. Safety, Div. of State Police,* 604 F.3d 788, 798 (3d Cir. 2010).

However, a plaintiff in an employment discrimination case does not have to plead facts in his complaint establishing a prima facie case. The Supreme Court held that "an employment discrimination plaintiff does not need to plead a prima facie case of discrimination . . . ," in part because the *McDonnell Douglas* standard is an evidentiary standard, not a pleading standard. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 510, 515 (2002). Therefore, a plaintiff claiming employment discrimination need only plead facts sufficient to meet the standard of Fed. R. Civ. P. 8(a). *Thomas v. Independence Twp.,* 463 F.3d 285, 295 (3d Cir. 2006) ("The marching orders of the Supreme Court in . . . *Swierkiewicz* are clear: the notice pleading standard of Rule 8(a) applies in all civil actions, unless otherwise specified in the Federal Rules or statutory law."). While the Supreme Court's holding in *Twombly* altered the notice pleading standard, the Court stated that it's holding there did not run counter to *Swierkiewicz.* 550 U.S. at 569-70. In *Swierkiewicz,* the Court found that employment discrimination plaintiffs were not required to meet a heightened fact pleading of specifics, "but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Thus, Plaintiff does not have to meet the *McDonnell Douglas* and retaliation standards for a prima facie case of discrimination but does have to meet *Twombly's* requirement that the facts alleged must raise the right to relief above a

5

speculative level. The elements of the prima facie claim do not have to be proven, but merely must be plausible. Plaintiff's Amended Complaint alleges sufficient facts to plausibly support the conclusion that Defendant treated her less favorably than others because of her race or national origin and/or retaliated against her by terminating her employment because of her complaints.

As to her discrimination claims, Plaintiff's Amended Complaint sufficiently alleges that both Bai and/or Deacon knew that Plaintiff was not an American and knew that she was Ugandan.  The Amended Complaint also includes sufficient allegations that show that she was similarly situated to the "other" employees who were not subjected to the same scrutiny as Plaintiff.  The comments made directly to Plaintiff plausibly show that her treatment was related to her race and/or national origin.

Plaintiff's retaliation claim as set forth in the Amended Complaint is also sufficient. Plaintiff's termination came five months after her complaint and when viewed against the changes in her work structure, create a temporal nexus that survives scrutiny under Rule 12 (b)(6). Plaintiff alleges that after her complaint, she was no longer invited to meetings, had work taken away from her, and was told "not to think of it as a demotion." *Id.* at 33.

The Court finds that the Amended Complaint rehabilitates the concerns identified by the Court in its September 26, 2023 Opinion and Order and brings the allegations beyond the speculative level. Defendant's motion will be denied.

## Conclusion

For these reasons, Defendant's motion to dismiss will be denied.

Dated: June 26, 2024

                                                                                                                     _s/ Joseph H. Rodriguez_
                                                                                                   Hon. Joseph H. Rodriguez,  U.S.D.J.